**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL WATTS, #68598,** | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **3:15-CV-1721-L-BK** |
| | § | |
| **SOUTHERN HEALTH PARTNERS,** | § | |
| **et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge.  Plaintiff, a pretrial detainee, filed a *pro se* complaint under 42 U.S.C. § 1983.  The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.  For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On May 19, 2015, Plaintiff filed a complaint against Southern Health Partners and Dr. Mongare.  Doc. 3 at 3.  He asserts they delayed examining and treating his prostate for over one year, from November 2013 until December 2014.  Doc. 3 at 4.  He also complains that Dr. Mongare examined his prostate in a rough and painful manner on December 19, 2014.  Doc. 3 at 4.  Plaintiff requests damages for pain and suffering and for future medical costs related to any injury caused by Dr. Mongare.  Doc. 3 at 4.

Plaintiff maintains that in November 2013, he submitted a medical request complaining of possible prostate problems.  Doc. 3 at 4.  He states that shortly thereafter, a nurse collected a urine sample and advised him that a doctor's appointment would be requested.  Doc. 3 at 4, 6.

Plaintiff did not hear back for an entire year and, since his condition had worsened, he submitted a new medical request on December 14, 2014.  Doc. 3 at 4, 6.  Although Plaintiff was promptly examined on December 19, 2014, he avers Dr. Mongare caused him excruciating pain when he "mash[ed] against my prostate really hard and made me jump from the pain."  Doc. 3 at 4. Plaintiff avers Dr. Mongare used an unlubricated glove during the examination and "was angry. . . that I was forgotten. . . for over a year."  Doc. 3 at 4.  Plaintiff also claims Dr. Mongare may have treated him roughly due to Plaintiff's pending criminal charges for sexual abuse of a child. Doc. 3 at 7.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e)

("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's complaint fails to state a claim upon which relief may be granted.

To state a constitutional violation for denial of medical care an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[1]  The burden of demonstrating deliberate indifference to a serious medical needs by correctional officials and healthcare providers is "an extremely high standard to meet."  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (2001).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it."  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).  "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (quoting *Gobert*, 463 F.3d at 346).  Moreover, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm."  *Id.* (quoted case omitted).  Here, Plaintiff's general assertion that his prostate was not examined by a doctor for one year (which the Court accepts as true) falls short of that standard.

---

[1] Although Plaintiff was a pretrial detainee during the events in question, the same standard applies to his medical care claim.  *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)) (pretrial detainees may bring constitutional challenges "under two alternative theories:  as an attack on a 'condition of confinement' or as an 'episodic act or omission'").  Because Plaintiff complains of harm suffered as a result of the denial of medical care following a medical request, the Court analyzes his claims as an episodic act case, which requires him to establish that the defendants acted with subjective deliberate indifference.  *Shepherd*, 591 F.3d at 452.

While Rule 8(a), of the Federal Rules of Civil Procedure, does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Plaintiff does not claim, nor does he allege facts from which it can be ascertained, that any Defendant knew that he "face[d] a substantial risk of serious bodily harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." Gobert, 463 F.3d at 346. Indeed, apart from the initial request for medical care in November 2013, Plaintiff's pleadings are silent about any subsequent plea for help or complaint of pain regarding his prostate until December 2014. Doc. 3 at 4, 6; Doc. 8 at 5-6. In answer to the questionnaire, Plaintiff states that he inquired informally through nurses who passed out medications, but otherwise waited hoping to be released from pretrial confinement. Doc. 8 at 5. At most, Plaintiff's allegation that no medical assistance was provided for his prostate in a timely manner – namely that he "was forgotten" for over a year -- amounts to negligence. Negligence, however, is not actionable under section 1983. Estelle, 429 U.S. at 106 (negligent medical care or medical malpractice does not rise to a constitutional violation).

Additionally, Plaintiff's filings provide no details whatsoever from which the Court may discern that delay in providing medical attention for his prostate resulted in substantial harm. Rogers, 709 F.3d at 410 ("[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm."). In fact, throughout the one-year period, he only complains of difficulties in using the restroom and sleepless nights. Doc. 8 at 3.

Based on the foregoing, Plaintiff has failed to allege facts supporting a finding of deliberate indifference to a serious medical need.

That notwithstanding, neither Defendant Southern Health Partners nor Dr. Mongare may be held liable under section 1983 for supervisory liability, even if Plaintiff had pled a sufficient constitutional violation.  *See Monell v. Dept. of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978) ("a local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (supervisory government employees are only liable for their own misconduct, and the doctrine of *respondeat superior* does not provide a basis for liability in a section 1983 action).  Plaintiff has presented no factual enhancement reasonably suggesting that the alleged failure to treat him for one year was due to Dr. Mongare's own individual actions and/or any policy of Defendant Southern Health Partners.  Doc. 8 at 7-9.

As to Plaintiff's allegations that Dr. Mongare is liable for causing him excruciating pain during the examination of his prostate when he did not use lubricant and forcefully pressed against his prostate, Plaintiff's claim fares no better.   At the most, Dr. Mongare's conduct amounts to negligence or medical malpractice, which does not rise to deliberate indifference. *Estelle*, 429 U.S. at 106.

In summary, Plaintiff's complaint fails to allege sufficient facts to state a claim that is plausible on its face.  *Twombly*, 550 U.S. at 570.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").   Here, Plaintiff was given the opportunity through a Magistrate Judge's Questionnaire to offer factual

enhancement to remedy the defects identified herein. (Docs. 7-8).  At this point, the Court can only conclude that Plaintiff has stated his best case, yet his claims are still fatally infirm.  Thus, the Court determines that granting leave to amend would be futile and cause needless delay.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

SIGNED October 8, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### INSTRUCTIONS FOR SERVICE AND
### <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE